UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY COLVIN, | Case No. C07-1376-JPD |
| Plaintiff, | |
| v. | |
| CONAGRA FOODS, INC., | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| Defendant. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

The present matter comes before the Court on plaintiff Larry Colvin's Motion to Remand. Dkt. No. 8. Defendant ConAgra Foods, Inc., has filed a response opposing this motion, see Dkt. No. 14, to which plaintiff has replied. Dkt. No. 15. After careful consideration of the motions, briefs, governing law, and the balance of the record, the Court ORDERS that plaintiff's Motion to Remand (Dkt. No. 8) be GRANTED. Consequently, defendant's motion to stay this case (Dkt. No. 12) is DENIED as moot.

## II. FACTS AND PROCEDURAL HISTORY

The parties prefer to litigate this case in different forums. On August 8, 2007, plaintiff filed a complaint against defendant in King County Superior Court, alleging negligence and violation of the Washington Consumer Protection Act ("WCPA"), R.C.W. § 19.86 *et seq*. Dkt. No. 1, Ex. A. The complaint alleges that plaintiff became "exceptionally sick" after

ingesting peanut butter contaminated with salmonella. *Id.* at 3. Plaintiff's prayer for relief did not request damages of a specific amount, nor did it use language indicating an amount in controversy less or more than that required to perfect diversity jurisdiction. *Id.* at 6. Defendant removed this case to federal court on September 5, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1. Diversity was the asserted basis for federal jurisdiction. *See* Dkt. No. 1 at 2, ¶ 3; 28 U.S.C. § 1332(a). On October 2, 2007, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a Conditional Transfer Order ("CTO-6") pursuant to 28 U.S.C. § 1407, conditionally transferring this case to the MDL set before the Honorable Thomas W. Thrash, Jr., in the United States District Court for the Northern District of Georgia. Dkt. No. 14, Ex. A. Plaintiff has filed a notice of opposition to CTO-6, which will be considered by the MDL Panel at its bimonthly hearing session. This Court's jurisdiction will continue until such time as any transfer ruling becomes effective.[1] On October 19, 2007, plaintiff filed a motion to remand this case to state court pursuant to 28 U.S.C. § 1447.

### III. JURISDICTION

This action was removed pursuant to 28 U.S.C. § 1441. Diversity of citizenship is established, but the amount in controversy is disputed. Pursuant to 28 U.S.C. § 636(c), the parties have consented to having this matter heard by the undersigned Magistrate Judge.

### IV. DISCUSSION

A. <u>Motions to Remand</u>

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . .

---

[1] The October 18, 2007 letter submitted to this Court by MDL Panel is not inconsistent with this fact. *See MDL Letter, In Re: ConAgra Peanut Butter Products Liability Litigation* at 1 ("Of course, you are free to rule on any pending motions or you may wish to wait until the Panel has decided the transfer issue.") (letter on file in chambers).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
PAGE – 2

where such action is pending." 28 U.S.C. § 1441(a).  One instance in which federal district courts have "original jurisdiction" is when complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  The proper procedure for challenging removal is a motion to remand.  A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure.  28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Any doubt as to the right of removal must be resolved in favor of remand.  *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

B.   <u>Amount in Controversy</u>

The Ninth Circuit recently clarified the burden of proof on the defendant in a removal case where the plaintiff's state court complaint is unclear or fails to specify a total amount in controversy.  *Guglielmino v. McKee Foods Corp.*, ___ F.3d ___, 2007 WL 2916193, *5 (9th Cir. Oct. 9, 2007).  In these circumstances, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement of $75,000 has been met.  *Id.*  "'Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.'"  *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  According to the Ninth Circuit, such a test strikes the proper balance between a plaintiff's right to choose her forum and a defendant's right to remove the case, without unnecessarily contracting or expanding federal diversity jurisdiction.  *Id.*

The amount-in-controversy requirement may be satisfied by claims of general and specific damages, punitive damages, and attorney's fees (if authorized by statute or contract). *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261

01 F.3d 927, 946 (9th Cir. 2001).  The propriety of removal is usually determined solely on the

02 basis of pleadings filed in state court, i.e., by looking "to the complaint at the time the removal

03 petition was filed."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979);

04 *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam).

05 However, when the amount is not "facially apparent" from the complaint, "the court may

06 consider facts in the removal petition, and [the] parties [may] submit summary-judgment-type

07 evidence relevant to the amount in controversy at the time of removal."  *Singer v. State Farm*

08 *Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation omitted).  This is

09 such a case.

10       C.      <u>Defendant Has Failed to Meet Its Burden</u>

11       When the above-mentioned standards are applied, it is clear that the defendant has

12 failed to meet its "preponderance of the evidence" burden.  The complaint in this case alleges

13 that plaintiff ingested Peter Pan Peanut Butter, became sick with headaches and severe

14 diarrhea, was unable to work for some time, and was put on a diet of bananas, rice, apple

15 sauce, and toast upon visiting his doctor.  Dkt. No. 1, Ex. A at 5.  Plaintiff does not allege that

16 he was hospitalized, does not allege that he suffered permanent or life-threatening injuries, and

17 does not allege missing more than two weeks of work.  Dkt. No. 1, Ex. A at 4-6.  Further

18 briefing in this case revealed that plaintiff did not allege these things because they did not

19 happen or do not exist.  *See* Dkt. No. 8 at 2; Dkt. No. 15 at 1; Dkt. No. 18 at 2; *see also* Dkt.

20 No. 9, Ex. G. at 3 (physician noting "unremarkable" exam, subsiding diarrhea, and that

21 plaintiff's condition had "improved substantially" upon his first visit).  No prognosis of

22 permanent injury is forthcoming.

23       Other than a restatement of the types of claims and damages sought in plaintiff's

24 complaint, *see* Dkt. No. 1 at 3-4, defendant has not provided any *factual* evidence supporting

25 its purported good faith belief that the amount in controversy exceeds $75,000.  Defendant's

26 reference to other Peter Pan Peanut Butter products liability actions filed against it in

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
PAGE – 4

01 neighboring jurisdictions only helps, rather than hurts, the plaintiff's case. Many, if not most of
02 these cases involved allegations of permanent injury, aggravation of serious pre-existing
03 injuries, and extended hospitalization; some were also brought in jurisdictions that permitted
04 the award of punitive damages in personal injury cases.[2]

05       Washington courts do not allow punitive damages in personal injury cases.
06 Furthermore, while plaintiff may be entitled to trebled damages under the WCPA, *see* R.C.W.
07 § 19.86.090, that figure would be capped at $10,000. In addition, plaintiff's lost earnings
08 appear to be estimated at $5,000 to $10,000. Dkt. No. 9, Ex. G at 1. Finally, the plaintiff's
09 declaration of October 19, 2007, as well as his intentions to designate this case as subject to
10 Washington's mandatory arbitration rules for claims under $50,000, present further evidence
11 of the claim's value or the amount at stake in this litigation. Dkt. No. 16 at 2; Dkt. No. 15 at
12 5. Defendant's case-marshaling efforts in this regard, while quite thorough, are speculative
13 and conclusory at best, and will not suffice to overcome the traditional presumption against
14 removal jurisdiction. *See Singer*, 116 F.3d at 375. The settlement amounts or jury verdicts in
15 those cases do little to establish, "more likely than not," that the amount-in-controversy
16 requirement has been met in *this* case. *Sanchez*, 102 F.3d at 404.

---

18    [2] Here, the Court refers primarily to the cases cited in and attached as exhibits to
19 defendant's responsive brief. *See, e.g.*, Dkt. No. 14, Exs. E, G, I; *see, e.g.*, *Ambrozich v. ConAgra Foods, Inc.*, Case No. 07-CV-107 (E.D. Ky. Aug. 2, 2007) (unpublished disposition)
20 (noting that plaintiff had to be rushed to the hospital in an ambulance, endured "hospitalization [that] continued for several days," continued illness for "almost two weeks after her hospital
21 discharge," and alleged "continuing gastrointestinal problems as a result of her alleged food poisoning"); *Mauro v. ConAgra Foods, Inc.*, Case No. 2:07-CV-104-P-A (N.D. Miss. Aug. 10,
22 2007) (unpublished disposition) (noting the plaintiff alleged "extreme . . . emotional distress" and sought punitive damages under Mississippi law); *see also Hart v. ConAgra Foods, Inc.*, Case No.
23 1:07-CV-395-JDT-WTL (S.D. Ind. Aug. 7, 2007) (involving class action lawsuit where, under
24 28 U.S.C. § 1332(d)(2), defendant need only establish a reasonable probability that more than *$25,000* per class member is at stake). Furthermore, the jury verdict information from the more
25 tangentially-related food-borne illness cases cited by defendant do not save its argument. *See* Dkt. No. 14, Ex. D (citing state court verdicts ranging from $100,000 to $4,000,000, but involving
26 cases of extended hospitalization, multiple surgeries, permanent injuries, aggravation of pre-existing injuries and/or illnesses, and resultant psychological damage).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
PAGE – 5

## V. CONCLUSION

Filing a case in state court creates a "'strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.'" *Singer*, 116 F.3d at 375 (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 290 (1938)). Here, the defendant has not overcome this longstanding presumption. The record evinces minor injuries, a maximum of $10,000 treble damages, no punitive damages, and an intention to seek mandatory arbitration for a final award under $50,000. Defendant has failed to provide sufficient evidence "establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount.'" *Guglielmino*, ___ F.3d ___, 2007 WL 2916193 at *5 (quoting *Sanchez*, 102 F.3d at 404). Accordingly, plaintiff's Motion to Remand (Dkt. No. 8) is GRANTED. Plaintiff's request for costs and attorney's fees for bringing this motion is DENIED without prejudice to seeking the costs and attorney's fees in the state court proceedings should plaintiff prevail on claims that provide for the award of the same. Finally, defendant's motion to stay this case (Dkt. No. 12) is DENIED as moot.[3]

DATED this 5th day of November, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[3] If at a later time it becomes apparent through "an amended pleading, motion, order or other paper" that the amount in controversy exceeds $75,000, the defendant may choose to remove the case within thirty days of receiving such notice. 28 U.S.C. § 1446(b). Defendant's right to removal at a later time is, of course, subject to the one-year limit on removal, 28 U.S.C. § 1446(b), and remains subject to the requirement of complete diversity.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
PAGE – 6